**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARIE ROBERT REDEKER, | No. 17-16917 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-00397-APG-GWF |
| v. | |
| D. W. NEVEN; ATTORNEY GENERAL FOR THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted February 14, 2019
San Francisco, California

Before: SCHROEDER, O'SCANNLAIN, and RAWLINSON, Circuit Judges.

Petitioner Arie Redeker was convicted in Nevada state court of second

degree murder and now appeals the district court's denial of his habeas petition

after it found Redeker was not in custody for the purposes of a possible *Miranda*

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

violation, and that even if Redeker had been in custody, he failed to establish any constitutional violation.

As a preliminary matter, the Government argues that the Nevada Supreme Court's decision was entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We need not decide that issue because the district court, exercising *de novo* review, decided there was no custodial interrogation, so the standard of review is not material in this case. Also, we need not decide whether Redeker was in custody during the hours he spent in his front yard as argued by Redeker, or under arrest in the police station, as urged by the dissenting opinion in the Nevada Supreme Court, because even assuming there was a *Miranda* violation before Redeker was given his *Miranda* rights, there was no prejudice.

Redeker voluntarily admitted to the crime after being administered his *Miranda* warnings. Detective Hardy took the necessary steps to ensure that Redeker understood the import and effect of the *Miranda* warning. *See Missouri v. Seibert*, 542 U.S. 600, 622 (2004) (Kennedy, J., concurring); *see also United States v. Williams*, 435 F.3d 1148, 1157–58 (9th Cir. 2006) (holding that Justice Kennedy's concurring opinion sets forth the controlling rule in *Seibert*). Redeker's unambiguous, affirmative answers demonstrate he recognized the import and effect

of the *Miranda* warning. *See Reyes v. Lewis*, 833 F.3d 1001, 1027 (9th Cir. 2016).

Thus, the district court correctly concluded that Redeker's post-*Miranda*

statements were admissible because Detective Hardy did not deliberately withhold

the *Miranda* warning, and Redeker voluntarily admitted to the crime. *See*

*Williams*, 435 F.3d at 1158.

**AFFIRMED**.